

**Kristina I. Duffy, Esq.**
Email: kduffy@kdvlaw.com

> Application granted. The Court shall hold a telephonic pre-motion conference at 10:00 a.m. on July 19, 2022. At the time of the conference, all parties shall call: (888) 398-2342; access code: 3456831.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 14 and Doc. 15.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> June 29, 2022

**VIA ECF**
Hon. Philip M. Halpern
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

Re: Yehuda Listokin v. Miller Zeiderman LLP, et al.
Case No. 22-cv-02605-PMH

Dear Judge Halpern:

Our firm represents the defendants Miller Zeiderman LLP ("the MZ Firm") and Lisa Zeiderman ("Ms. Zeiderman") (collectively "MZ") with respect to the Complaint filed by Plaintiff, Yehuda Listokin ("Mr. Listokin"). In accordance with Rule 2.C. of Your Honor's Individual Practices and having previously exchanged letters with Plaintiff's counsel pursuant to Rule 4.C., MZ submits this letter to request a Pre-Motion Conference in anticipation of filing a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6).

### A. The Allegations in the Complaint/Factual Background

MZ represented Mr. Listokin in the action he filed against his former wife, Rena Listokin ("Ms. Listokin") ("the Matrimonial Action"). Dkt. 8 at ¶ 18. On May 17, 2016, the parties to the Matrimonial Action entered into a Separation Agreement. *Id.* at ¶ 19. In the Separation Agreement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at ¶¶ 20-21. However, on May 25, 2016, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at ¶¶ 22-23.

New York | Pennsylvania | New Jersey | San Francisco | Los Angeles | Florida | Chicago

In light of this, Mr. Listokin asked MZ to file an application ▮ ▮ *Id.* at ¶ 27. The Complaint states that ▮ ▮ *Id.* at p. 1 (Nature of the Dispute). On November 1, 2016, MZ filed an Order to Show Cause requesting such. *Id.* at ¶ 34. On December 14, 2017, ▮ ▮ *Id.* at ¶ 37. Justice Gretchen Walsh held a trial to decide ▮ ▮ *Id.* at ¶¶ 40-41. During the hearing, Ms. Zeiderman moved the Court to grant Mr. Listokin custody of the younger child. Over the course of the hearing, ▮ ▮

After conducting this full evidentiary hearing, on December 8, 2017, the Court ▮ ▮ *Id.* at ¶ 46. On May 31, 2018, the Court filed a Decision and Order ▮ . *Id.* at ¶ 48. According to the Decision, the Court ▮ ▮ Because of this, the Court stated, ▮ ▮

██████████████████████████████████████ The Court also explicitly acknowledged that ████████████████████████

████████████████████████████

Despite the Complaint's unequivocal acknowledgement that Mr. Listokin's "sole objective" was to ████████████████████████ and the Court's statement ████████████

████████████████████, Mr. Listokin now contends that MZ committed malpractice when it did not request ████████████████████████████████████. *Id.* at ¶56. Mr. Listokin contends that he is entitled to $950,000 in damages. *Id.* at ¶63.

**B.     Grounds for the Anticipated Motion to Dismiss Pursuant to Rule 12(b)(6)**

In order to adequately plead a claim for professional malpractice, plaintiffs must allege attorney conduct that fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession. *Judd Burstein, P.C. v. Long*, 2017 WL 3535004, at *6 (S.D.N.Y. Aug. 16, 2017), *aff'd*, 797 F. App'x 585 (2d Cir. 2019); *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 (2007); *DeGregorio v. Bender*, 4 A.D.3d 384 (2d Dep't 2004); *Rosner v. Paley,* 65 N.Y.2d 736, 738 (1985) (selecting one of several "reasonable courses of action" does not constitute malpractice); *Melnitzky v. Nathanson*, 13 A.D.3d 131 (1st Dep't 2004); *Hatfield v. Herz*, 109 F. Supp.2d 174 (S.D.N.Y. 2000).

The crux of Mr. Listokin's claim is that if MZ ████████████████████████

████████████████████████████████████████████████████████████████

████████s. Dkt. 8 at ¶ 55. However, this Monday morning quarterbacking is insufficient to state a claim for professional malpractice. MZ made the strategic decision to file a motion ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████ This strategy decision was reasonable and fully supported by case law. *Moradi v.*

*Noorani*, 76 N.Y.S.3d 830 (Mem) (2d Dep't 2018) (affirming order granting father's motion for a reduction of his child support obligations on the basis that the "parties' two children had changed residences to live with the father. . ."); *Frates v. Frates*, 36 N.Y.3d 505 (2d Dep't 2016) (granting motion to modify child support because "plaintiff established that there was a change in circumstances warranting a modification by showing that there had been a change in the oldest child's residence"); *Steven J.K. v. Leah T.K.*, 848 N.Y.S.2d 106 (1st Dep't 2007) (downward modification of child support order affirmed where "testimony… established that there was a change of circumstances warranting a modification of child support inasmuch as when, while not attending college, the majority of the child's time was spent at the petitioner's residence. . ."); *Miller McMillen v. Miller*, 790 N.Y.S.2d 556 (2005) (granting defendant's motion to modify the child support provisions because "the children's change in residence" constituted "sufficient proof to meet his burden of establishing…an unanticipated and unreasonable change in circumstances…").[1]

The Court's May 31, 2018 Decision explicitly recognized ███████████████ ███████████████ ███████████████ ███████████████ Plaintiff's hindsight contention that MZ should have ███████████████ is insufficient to sustain a claim of malpractice. This was reasonable particularly given that Mr. Listokin made clear to MZ ███████████████.

---

[1] ███████████████

Therefore, even if the strategy did not ultimately succeed, it is not malpractice and this claim is barred. *King v. Fox,* 2005 WL 3098933, *5 (S.D.N.Y. 2005) ("While counsel may have made what appears with hindsight to have been the wrong strategic choice, such choices rarely constitute malpractice.")

Moreover, Mr. Listokin's contention that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is grossly speculative, further warranting dismissal.[2] *Barrett v. Goldstein*, 76 N.Y.S.3d 148 (1st Dep't 2018) (legal malpractice claim dismissed where plaintiff "could not explain how [defendant-attorney's] failure to challenge the terms of the post-nuptial agreement in the divorce action was the 'but for' cause of his alleged damages"); *Melnitzky*, 13 A.D.3d at 131. The Court's discussion in the Decision specifically rejects this notion, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" Ex. A, p. 17 at n. 17. Indeed, case law supports that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *Hershorn v. Hershorn*, 92 A.D.3d 500 (1st Dep't 2012) (change of residence insufficient to change custody award); *Matter of McMullen v. Ambrosiani*, 189 A.D.2d 973, 974-75 (3d Dep't 1993) (change of residence for 14 months not a significant change sufficient to warrant modification of custody agreement).

It is clear from the face of the Complaint and the May 31, 2018 Decision (which is incorporated by reference into the Complaint) that the Complaint lacks merit. Accordingly, no discovery is needed for the Court to dismiss the Complaint for failure to state a claim.

                                                     Respectfully submitted,
                                                     Kaufman, Dolowich & Voluck, LLP
                                                          /s/
                                                     Kristina I. Duffy

cc: Eric Rothstein, Esq. via ECF

---

[2] Likewise, Plaintiff's Complaint fails to explain why he has not made a motion ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ since the time he discharged MZ in December 2020 if, the matrimonial Court would have readily granted such an application.

4880-1742-4165, v. 1