# ROTHSTEIN LAW PLLC
325 East 79th Street, Suite 8B
New York, New York 10075
(212) 577-9797

**Member NY & NJ Bars**

> Application denied.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>          February 16, 2024

February 15, 2024

**Via ECF only**

The Honorable Philip M. Halpern
United States District Judge
The Hon. Charles L. Brieant Jr.
 Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    Yehuda Listokin v. Miller Zeiderman LLP, et al.
              22-cv-02605-PMH

Dear Judge Halpern:

      I represent the plaintiff in the above-captioned action for legal malpractice. Defense counsel, Brett Scher, and I jointly submit this letter to request that Your Honor stay this matter, pursuant to Fed.R.Civ.P. 26(c)[1], because an issue has arisen that will require a motion to be filed in the New York State Supreme Court, Westchester County, to permit dissemination of two forensic reports that were issued in the underlying matrimonial case which took place in the Supreme Court, Westchester County between the plaintiff in this case and his former wife, Rena Listokin (hereinafter, "Rena").

      In an effort to clarify the procedural context of this application, two forensic reports were issued by Dr. Robert J. Verno, PhD dated December 31, 2014 and January 26, 2016 in the then pending divorce action between plaintiff and Rena. Subsequent to the two reports being issued, plaintiff and Rena settled their divorce case and entered into a separation agreement on May 13, 2016, which *inter alia* provided a schedule for the parties two children to reside with each of the parties and required Mr. Listokin (the plaintiff in this action) to pay child support to Rena. Following execution of their separation agreement, both children began residing with the plaintiff. As a result, plaintiff retained the defendants in this case and, according to plaintiff's complaint (doc. 8 at ¶¶ 25-28) asked defendants to seek the elimination of his child support obligation because both children were residing with him. Defendant's representation of the plaintiff in his post-divorce action resulted in the commencement of the action now before this Court.

      On December 1, 2023, Mr. Scher sent his discovery production to me, which consists of over 160,000 pages. On January 25, 2024, Mr. Scher advised me that his discovery production inadvertently included the two confidential forensic reports from his clients' file and sought their return and/or destruction. The

---

[1]    This Rule gives the Court the authority to stay discovery for good cause.

ROTHSTEIN LAW PLLC

**The Honorable Philip M. Halpern**
**Yehuda Listokin v. Miller Zeiderman LLP, et al.**
**22-cv-02605-PMH**
**February 15, 2024**
**2**

forensic reports were prepared pursuant to Orders dated September 4, 2014 and September 24, 2015, copies of which are attached as Exhibits A and B.  Both Orders contain confidentiality provisions as follows:

**Report Dated**
**September 5, 2014**

<u>Confidentiality of Neutral Forensic Evaluator's Report</u>:  The neutral forensic evaluator's report is confidential and shall not be copied or disclosed to any person except as permitted by this order or other order of this Court.  <u>Upon its completion, the neutral forensic evaluator shall provide the Court, at its chambers, with an original and three (3) copies of the report</u>.  Counsel may contact the Court to pick up a copy of the report.  The party (client) may review the report, but shall not possess a copy of the report.  If counsel seeks to retain an expert, counsel may apply to the court *ex parte* for permission to have the expert receive a copy of the report.  The expert shall sign a confidentiality agreement prior to receipt of the report.  **Any counsel who violates these restrictions shall be sanctioned by the Court** [emphasis in original].

**Report Dated**
**September 24, 2015**

<u>Confidentiality of Neutral Forensic Evaluator's Report</u>:  The neutral forensic evaluator's report is confidential and shall not be copied or disclosed to any person except as permitted by this order or other order of this Court.  Upon its completion, the neutral forensic evaluator shall provide the Court, at its chambers, with an original and three copies of the report.  Counsel may contact the Court in order to arrange to pick up their copy of the report.  There shall be no further copying of the report.  Counsel may not make copies of the report, however, they may make the report available to their clients only to review under their direct supervision.  **Review by counselor's experts may only occur by specific permission from the Court and the expert's execution of an affirmation provided by the Court.  Any counsel who violates these restrictions shall be sanctioned by the Court** [emphasis in original].

Again, for purposes of clarification, in a matrimonial litigation, where custody of children is contested, the Court has discretion to appoint a forensic expert (usually a psychologist, psychiatrist or MSW) to do an evaluation of both parties to the litigation, the children (assuming they are of sufficient age) and to interview and obtain information from third parties that the forensic evaluator believes has relevant information about the parties and the children.  The purpose of the forensic evaluation is for the evaluator to make a recommendation concerning custody of the children.  The forensic reports contain personal, medical, and confidential information concerning the family.  The primary reason for the confidentiality of a forensic report is for the protection of children and to a lesser extent protection of the parties [2]

---

[2]     Any violation of the confidentiality provisions is a potentially serious disciplinary issue.  It is for that reason the reports are not being attached to this letter.  That said, both of the undersigned will, of course, follow any directive issued by Your Honor, including sending the reports to Chambers.  Dr. Verno's December 31, 2014 report is 65 single spaced pages – his January 26, 2016 report is 42 single spaced pages.

ROTHSTEIN LAW PLLC

**The Honorable Philip M. Halpern**
**Yehuda Listokin v. Miller Zeiderman LLP, et al.**
**22-cv-02605-PMH**
**February 15, 2024**
**3**

      The forensic reports were admitted into evidence at the eight-day trial in which the defendants represented the plaintiff and are mentioned and addressed extensively throughout the trial transcripts. Plaintiff believes that the reports will likely be used during depositions in this matter. In addition, plaintiff strongly believes that the forensic reports must be disseminated to and reviewed by our expert to address the likely issue in this case of whether plaintiff would have been awarded custody of his children.

      Based upon what is set forth above, it is my intention to submit an appropriate motion in the New York State Supreme Court, Westchester County, seeking permission to disseminate the forensic reports. I intend to make the motion expeditiously, but have no control over when the motion will be returnable, if Rena (or any other third party) will oppose the motion, or when a decision will be rendered. Mr. Scher's position is that once he reviews the motion, he will either join the motion, not take a position, or take any other action that he deems appropriate.

      Accordingly, the parties jointly request that Your Honor stay this matter pending receipt of a decision from the New York Supreme Court on the anticipated motion. If this Court grants the stay, the parties will submit an updated proposed schedule for the completion of fact discovery and expert discovery once the Judge in the Supreme Court issues a decision.

                                                                     Respectfully submitted,

                                                                     **ROTHSTEIN LAW PLLC**

            By:     Eric E. Rothstein

                                                                 **KAUFMAN DOLOWICH, LLP**

Digitally signed by: Brett A. Scher
DN: CN = Brett A. Scher email = bscher@kdvlaw.com C = US O = Kaufman Dolowich Voluck
Date: 2024.02.15 17:32:03 -05'00'

            By:     Brett Scher